# United States Court of Appeals
## For the First Circuit

No. 08-1773

PAULA D. CASAMENTO,

Plaintiff, Appellant,

v.

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY;
BOSTON CARMEN'S UNION, LOCAL 589,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Lynch, Chief Judge,
Boudin and Lipez, Circuit Judges.

Scott A. Lathrop with whom Scott A. Lathrop & Associates was on brief for appellant.
Kevin S. McDermott, Assistant General Counsel, MBTA Law Department, for appellee Massachusetts Bay Transportation Authority.
John F. McMahon with whom Angoff, Goldman, Manning, Wanger & Hynes, P.C. was on brief for appellee Boston Carmen's Union, Local 589.

December 16, 2008

**Per Curiam**.  Paula D. Casamento appeals from the judgment of the district court in her law suit against her employer, the Massachusetts Bay Transportation Authority ("MBTA"), and her union, Boston Carmen's Union, Local 589 ("Local 589").  The central claim is one of gender discrimination.  Most of the relevant facts are undisputed and easily recited.

Casamento was hired by the MBTA as a bus driver in the winter of 1984 and became a member of Local 589.  In 1997, due to medical problems precluding her from driving a bus, Casamento moved to a position in the MBTA's revenue collection department.  On October 22, 2002, the MBTA posted a notice that a managerial position--Supervisor of Revenue Sales Operations--was available to be filled, and Casamento applied.

Ten other applicants sought the position including one other woman.  On June 23, 2003, before anyone was interviewed, Susan Wolfson, the MBTA's Director of Revenue, informed all the applicants that the posting of the job was rescinded.  The stated reasons for the position not being filled were primarily budget constraints and because a new automated fare system might affect staffing requirements.

In July 2003, Casamento complained that contrary to Wolfson's announcement, a co-worker, Ralph Schlueter, had in fact been awarded the advertised position.  Casamento was told that Schlueter had not been given the position but remained in the same

-2-

post he had filled within the Revenue Department for the prior thirteen years.  Unconvinced, Casamento filed a grievance with Local 589 alleging gender discrimination.

The union declined to act, saying (among other things) that the supervisor job sought by Casamento was not part of  Local 589's bargaining unit.  Casamento then filed a charge of gender discrimination against the MBTA with the Massachusetts Commission Against Discrimination ("MCAD"), which dismissed the charge, finding no evidence to support it.  Casamento also filed claims against both the MBTA and Local 589 before the Equal Employment Opportunity Commission, which granted her a right to sue letter.

Casamento then filed the present law suit.  The complaint, as amended, charged both the MBTA and the union with gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (2000) et seq.  In due course, the district court granted summary judgment for defendants: even positing that Casamento had made out a prima facie case warranting an explanation by defendants, McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), the court ultimately found no evidence of gender discrimination.

Casamento now seeks review.  In Casamento's favor is the fact that the district judge refused to decide on summary judgment whether Schleuter was in fact performing the duties of the previously posted position; this may have been properly cautious

-3-

since the MBTA said that Schleuter's own longstanding job covered some of the same duties as the posted position, although it said that his pay and title had not been changed after the job listing was rescinded and that he continued in his original position.

In all events, a prima facie case is merely a mechanical showing that requires the employer (or, arguably, the union) to come forward with an explanation for its decision--which both the MBTA and union did. At this point, "the presumption raised by the prima facie case is rebutted," Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 255 (1981), and "drops from the case," id., at 255 n.10, and it is up to the complainant to show that a forbidden motive was at work. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 508 (1993). To reach a jury, there must be evidence that would permit a jury to so conclude. Id.

Here, there was no evidence that gender discrimination motivated the MBTA's action. Whether or not Schlueter was already performing some of the functions of the advertised job and whether or not this played a role in the MBTA's decision to rescind the position, no evidence suggested that the posting was withdrawn because of gender discrimination; indeed, nothing directly contradicts the MBTA's original claim that budget concerns and the advent of automatic fare collection made it reasonable not to go forward with a new management appointment at that time.

-4-

Nor does it furnish evidence of gender discrimination to assume (as the district judge admittedly did) that the MBTA's explanation could be regarded as "pretext" if Schlueter were now occupying the posted job. Possibly in some contexts a showing of a false explanation can add weight to a discrimination claim supported by evidence; but it is hard to imagine such a case where there is no evidence of a discriminatory motive in the first place; and, if an exception to this generalization can possibly be imagined, it is certainly not this case.

The case against the union is equally hopeless. In addition to its proscription against gender discrimination by employers, Title VII renders it unlawful for "a labor organization . . . to discriminate against[] any individual because of . . . sex." 42 U.S.C. § 2000e-2(c)(1). A union will be found to have violated Title VII when "it deliberately declines to pursue a member's claim because of the member's gender." Beck v. United Food & Comm. Workers Union, Local 99, 506 F.3d 874, 882 (9th Cir. 2007).

Once again, there is no evidence in this case of gender discrimination. The union explained its refusal to pursue a grievance on behalf of Casamento, giving colorable reasons entirely unrelated to the fact that she is a woman. Nothing to which Casamento points suggests that its given reasons were false, let alone that the true underlying reason was gender discrimination on

the part of the union.  No court could send such a case to trial because there was nothing to be tried.

    <u>Affirmed</u>.